**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| ANNE MANGANO and JOSEPH MANGANO,<br><br>            Plaintiffs,<br><br>v.<br><br>GARDEN FRESH RESTAURANT CORP. d/b/a SWEET TOMATOES,<br><br>            Defendant. | CIVIL ACTION NO.:<br>2:15-CV-00477-UA-MRM |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO REMAND**

Defendant, GARDEN FRESH RESTAURANT CORP. d/b/a SWEET TOMATOES, hereby files Defendant's Memorandum in Opposition to Plaintiffs' Second Motion to Remand, and respectfully states:

**INTRODUCTION AND FACTS**

This is a personal injury case stemming from an alleged slip and fall at Defendant's restaurant in October 2012. Defendant originally removed this matter from Collier County Circuit Court, to this Court, under 28 U.S.C. § 1332, based upon "diversity of citizenship." Following Plaintiff's motion, this Court ordered remand on the basis that Defendant had not met its burden of establishing by a preponderance of evidence that the amount in controversy exceeded $75,000. Following remand, Defendant served written discovery upon Plaintiffs in the form of Requests for Admissions and Interrogatories. The purpose of the discovery was, in part, to fully ascertain the amount in controversy. Plaintiffs objected to nearly every inquiry relative to ascertaining the amount in controversy and refused to provide requested detailed

responses. For instance, in Requests for Admission No. 1, Plaintiff, Anne Mangano, was asked to admit that "the total amount of damages Plaintiff, Anne Mangano, seeks, and will seek, in this case, does not exceed $75,000." Plaintiff responded:

> Objection; this request seeks privileged attorney/client communications and/or work product privilege information. Furthermore, and nothwithstanding the forgeoing objections, Plaintiffs are currently unable to admit or deny this Request in that they have not yet determined the exact amount in money damages ANNE MANGANO "seeks and will seek", other than it will be in excess of the $15,000 jurisdictional limits of this Court. The Defendant has raised several factual disputes concerning the cause of the amount of damages. In its Answer to the Complaint, Defendant denied negligence, causation and damages. The Defendant also affirmatively pled that the negligence of third parties was the sole cause of the Plaintiff's injuries, but the Defendant failed to identify those third parties or specify the nature of their alleged negligence. Plaintiffs sought answers to those issues by serving Interrogatories and a Request for Production along with the Complaint approximately five months ago, but the Defendant has failed and refused to answer any of the written discovery.
>
> This factual dispute ultimately should be determined by a jury and is inappropriate for a request for admission. This case is in the early stages of discovery, with the plaintiff still undergoing medical treatment and physical therapy. Requiring the Plaintiffs to respond with a specific monetary figure at this early stage in the case without even being apprised as to what the defenses will be would result in nothing more than speculation and would be improper, (especially if the response will be considered binding and conclusive).

Various other requests that sought the same information, were answered with the same objection.

Plaintiffs did, however, respond to Defendant's Requests for Production by providing an itemization of incurred medical expenses totaling $192,197.94 and associated medical records. Importantly, the itemization and associated medical records show that Plaintiff was hospitalized for a minimum of 12 days following the incident in question. Further, during that hospitalization Plaintiff underwent multiple surgical procedures including: 1) closed reduction of right proximal humerus; 2) closed reduction of left knee dislocation; 3) reverse right total shoulder replacement; and, 4) left

total knee arthroplasty.  Plaintiff's treatment and therapy continued at least through April 2013.  (Copies of Plaintiffs' produced medical records can be provided upon request from the Court).

Pursuant to 28 U.S.C. § 1446 (b)(3), Defendant was required to file its removal within thirty (30) days "from which it may first be ascertained that the case is one which is or has become removable."  Based upon the produced medical expense itemization and associated medical records showing hospitalization and significant surgical procedures, Defendant ascertained that the amount in controversy exceeded $75,000.  As such, Defendant was forced to remove to this Court before it could bring a motion to compel discovery against Plaintiffs in state court.

Plaintiffs now seek a second remand reasserting that Defendant has failed to establish that the amount in controversy exceeds $75,000.  Plaintiffs go to length to avoid responding to Defendant's inquiries as to the amount in controversy in an attempt to avoid removal.  However, based upon the medical bills and records submitted, Defendant has met its burden that the amount in controversy in this matter exceeds the jurisdictional limit.  Plaintiffs' motion for remand should be denied.

The procedural and discovery history is more fully outlined in Defendant's Notice of Removal.

## ARGUMENT AND MEMORANDUM OF LAW

A.    STANDARD FOR REMOVAL

This Court has previously held that "[a]s the party seeking federal jurisdiction, the burden is on the Defendant to establish diversity jurisdiction as of the date of removal." *See* May 11, 2015 Opinion and Order of Judge John E. Steele, citing *Sammie Bonnar*

*Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003) and *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2003).

Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams* 269 F.3d at 1319. "[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754. "The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id.*

**B.   THE EVIDENCE AT THE TIME OF REMOVAL SUPPORTS THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

Plaintiffs have responded to Defendant's Interrogatories and Requests for Production by providing medical expenses totaling $192,197.94. Further, Plaintiffs' submitted medical records show a hospitalization of at least 12 days and at least 4 surgical procedures, including: a total shoulder replacement and a total knee replacement.

The undersigned has been handling personal injury cases in Florida for over 15 years, with additional years in other jurisdictions. It is his experience that when a case involves medical bills of the amounts claimed in this case – even the $39,000 amount referred to in Plaintiff's Motion to Remand – and the extended medical treatment, the amount in controversy clearly exceeds $75,000.00.

While Plaintiffs have refused to provide Defendant with discovery outlining their amount in controversy, it is clear that, based upon the provided medical bills of $192,197.94, Plaintiffs' 12 day hospitalization and 4 surgical procedures (including total knee replacement and total shoulder replacement), the amount in controversy significantly exceeds $75,000 at the time of removal. Therefore, as there are no claims of lack of diversity of citizenship and the amount in controversy at the time of removal was in excess of $75,000, Plaintiffs' Motion to Remand must fail.

**C.    DEFENDANT WAS FORCED TO REMOVE PRIOR TO A MOTION TO COMPEL IN STATE COURT UNDER THE RULES**

28 U.S. Code § 1446 states (in part) as follows:

> (b)(3) …if the case stated by the initial pleading is not removable, <u>a notice of removal</u> may be filed within **thirty days** after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper **from which it may first be ascertained that the case is one which is or has become removable**.
>
> (c)(3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section <u>1332 (a)</u>, information relating to the amount in controversy in the record of the State proceeding, or in **responses to discovery, shall be treated as an "other paper"** under subsection (b)(3).

(emphais added).

Plaintiffs' "answers" to Defendant's Requests for Admission were received on July 13, 2015. Plaintiff's Answers to Interrogatories and Responses to Requests for Production (with medical itemization and medical records) were received on July 21, 2015. Given the medical bills provided with Plaintiff's Responses to Requests for Production (which in and of themselves exceed the jurisdictional minimum amount) and records showing Plaintiff's hospitalization and significant surgical procedures Defendant

was required to remove the matter to this Court by August 21, 2015 if it wanted to exercise its right for this matter to be heard in Federal Court. Defendant removed the matter to this Court on August 10, 2015.

Had Defendant waited and instead made a motion to compel Plaintiffs to actually answer the Requests for Admission and/or to provide more detailed responses in their Answers to Interrogatories, the 30 day removal period under 28 U.S. Code § 1446(b)(3) would most definitely have expired leaving Defendant without the ability to remove.

### D. PLAINTIFFS' DELIBERATE FAILURE TO DISCLOSE THE AMOUNT IN CONTROVERSY IS BAD FAITH UNDER 28 U.S. CODE § 1446(c)(1)

Plaintiffs' Complaint ambiguously states (under Florida rules) that the amount in controversy is in excess of $15,000. In order to better obtain an idea as to what the actual amount in controversy is in this matter, Defendant sent Plaintiffs a stipulation to admit that the amount in controversy was under $75,000. Plaintiffs refused to execute the stipulation. This issue was addressed by this Court in its prior Order granting remand.

Upon remand, Defendant served Plaintiffs with Requests for Admission which were specifically designed to elicit a commitment from the Plaintiffs that the amount in controversy either was or was not in excess of $75,000. Instead of responding to the Requests, Plaintiffs objected, further indicated that they did not know the "exact" amount in controversy and further suggested that because Defendant raised some affirmative defenses regarding negligence and causation that the amount in controversy was unknown.

The 11th Circuit Court of appeals has held that the amount in controversy is "less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an

estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits" *Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir.2014).

Therefore, the fact that Defendant raised affirmative defenses in response to Plaintiffs' claims is wholly irrelevant. Plaintiffs either will claim that their damages are in excess of $75,000 or they will not. Either the amount in controversy is over $75,000 or it is not. As the Florida Court of Appeals stated "the amount of damages suffered by a plaintiff in a personal injury case are uniquely within the knowledge of the claimant." *Sunrise Mills (MLP) Ltd. Partnership v. Adams*, 688 So.2d 464, 465 (1997) (Plaintiff could not object to a Request for Admission asking whether it was seeking damages in excess of $50,000. The requested admission involved Defendant's right to removal under Federal law. (*Id).*)

Further, at no point in Defendant's Request for Admission to Plaintiffs did Defendant demand admission of the "exact" amount of damages Plaintiff. Defendant simply seeks a benchmark to determine whether or not this matter was in fact removable to this Court.

Plaintiffs vaguely state, in response to Defendant's Interrogatories seeking a list of damages that Plaintiffs claim, "See all medical bills produced. The following medical providers provided services related to this accident. Medicare covered much of the expenses. Plaintiff owes a right of reimbursement for a portion of the amount Medicare paid." (*See* Plaintiffs' Answers to Defendant's Interrogatories No. 12). At the time Plaintiffs served their Answers there was no explanation as to what was owed, what was covered and what amount of reimbursement was being claimed. Now, in Plaintiffs'

7

Motion for Remand, Plaintiffs' counsel argues that Defendant inflates the amount of recoverable for medical expense. Although, and importantly <u>at the time of filing of the removal</u>, and because of Plaintiffs' vague responses to the discovery requests, Plaintiff had not specifically indicated the amount they would claim as recoverable medical bills.

Furthermore, even if the actual amount of "recoverable" medical bills is in fact what Plaintiffs contend them to be ($39,289.59) it defies belief that given 12 days of hospitalization, 4 surgical procedures (including a total knee replacement and a total shoulder replacement) that Plaintiffs actually intend on asking for no more than $35,710.41 in pain, suffering, loss of consortium and other general damages in this case, in addition to the $39,289.59 in medical bills. It also defies belief that Plaintiffs do not know whether or not the amount in controversy in their case is or is not in excess of $75,000.

Given their non-responses to Defendant's Requests for Admission, their vague Answers to Interrogatories, and their refusal to stipulate that the amount in controversy is under $75,000, there can be little doubt that Plaintiffs are hiding their damages in an attempt to prevent Defendant from removing the action. This certainly would constitute bad faith under 28 U.S.C. § 1446(c)(1).

## **CONCLUSION**

Defendant, GARDEN FRESH RESTAURANT CORP. d/b/a SWEET TOMATOES, respectfully requests this Honorable Court deny Plaintiff's Motion for Remand; enter an Order denying Plaintiff's Motion to Remand; and, provide any other relief deemed just and necessary.

Respectfully submitted,

s/ Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:   (305) 789-9201

Attorney for Defendant
GARDEN FRESH RESTAURANT CORP.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2015, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**FOWLER WHITE BURNETT, P.A.**

s/ Michael Alexander Garcia
Michael Alexander Garcia
Florida Bar No.: 0161055
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
(305) 789-9200 - telephone
(305) 789-9201 - fax
mgarcia@fowler-white.com

Attorney for Defendant
GARDEN FRESH RESTAURANT CORP.

## SERVICE LIST

Re:   <u>Anne Mangano and Joseph Mangano vs. Garden Fresh Restaurant Corp. d/b/a Sweet Tomatoes</u>
Civil Action No.:  2:15-CV-00477-UA-MRM

| | |
|---|---|
| Adam Trop<br>TROP LAW GROUP, P.A.<br>3860 West Commercial Blvd.<br>Fort Lauderdale, FL 33309<br>Ph: (954) 981-7150<br>Fax: (954) 981-7350 | <u>Attorneys for</u><br>Plaintiffs, ANNE and JOSEPH MANGANO |
| David A. Donna, Esq.<br>Donna Law Firm, P.C.<br>7601 France Avenue South<br>Suite 350<br>Minneapolis, MN 55435<br>Ph: (952) 562-2460<br>Fax: (952) 562-2461 | <u>Attorneys for</u><br>Defendant, GARDEN FRESH RESTAURANT CORP. |

4851-0187-4473, v. 1