```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ANNE MANGANO and JOSEPH MANGANO,

      Plaintiffs,

v.                           Case No: 2:15-cv-477-FtM-99MRM

GARDEN FRESH RESTAURANT CORP.,

      Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Remand (Doc. #7) filed on September 8, 2015. Defendant filed a Response (Doc. #12) on September 29, 2015. For the reasons set for below, the motion is denied.

Plaintiffs filed a run-of-the-mill slip and fall case in state court in which Plaintiff Anne Mangano (Mrs. Mangano) claimed she slipped and fell in Defendant's restaurant due to its negligence, and Plaintiff Joseph Mangano (Mr. Mangano) claimed that he suffered a loss of consortium as a result of his wife's fall. Both claims asserted damages in excess of $15,000, the state circuit court jurisdictional amount. Defendant filed a Notice of Removal (Doc. #1) based upon diversity of citizenship and damages in excess of $75,000. The parties agree there is complete diversity of citizenship, but disagree as to the amount in controversy

component.  As the party seeking federal jurisdiction, the burden is upon Defendant to establish diversity jurisdiction as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act (JVCA), which "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged."  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).  Under the JVCA, where removal is based upon diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  As an exception to this rule, the Notice of Removal may assert the amount in controversy if the initial pleading seeks a money judgment, "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" and "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  Id. § 1446(c)(2)(A), (B).  A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.  Dart, 135 S. Ct. at 554.

In this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of

the amount demanded in the complaint. Therefore, the issue is whether Defendant's Notice of Removal has plausibly alleged that the amount in controversy exceeds $75,000.

As evidence of the amount in controversy, Defendant cites Mrs. Mangano's recently-produced medical records. (Doc. #1-12.) As alleged by Defendant, the medical records demonstrate that Mrs. Mangano spent twelve days in the hospital during which she underwent four surgical procedures and incurred medical expenses in excess of $190,000. (Id.) In response, Plaintiffs explain that Mrs. Mangano is a Medicare patient and that Medicare paid only $39,289 to resolve her medical expenses in full. Thus, Plaintiffs argue that Mrs. Mangano's recoverable expenses are only $39,289, which is far less than the $75,000 necessary to establish diversity jurisdiction. (Doc. #7, p. 7.) However, Mrs. Mangano's medical bills are not the only source of damages claimed by Plaintiffs. Mr. Mangano has brought his own loss of consortium claim in which he alleges damages in excess of the $15,000 state circuit court jurisdictional amount. (Doc. #2, ¶¶ 13-14.) As a result, Plaintiffs necessarily concede that the amount in controversy is at least $54,289 ($39,289 + $15,000) *plus* any damages Mrs. Mangano intends to seek in addition to recovering her medical expenses.

Thus, the question here is whether Defendant has plausibly alleged that at least $20,171 in other damages will be in

controversy in this case. The Court concludes that Defendant has carried its burden. Based on Mrs. Mangano's twelve-day hospitalization and the extent of the medical procedures she underwent, it is entirely plausible that she will reasonably seek pain and suffering and other general damages in excess of $20,171. As a result, Defendant has established the existence of diversity jurisdiction and Plaintiffs' motion to remand is denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Motion to Remand (Doc. #7) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record