UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNE MANGANO and JOSEPH
MANGANO,

    Plaintiffs,

v.                      Case No: 2:15-cv-477-FtM-99MRM

GARDEN FRESH RESTAURANT
CORP., d/b/a Sweet Tomatoes,

    Defendant.

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Summary Judgment (Doc. #42) filed on October 8, 2018. Plaintiffs filed a Response in Opposition (Doc. #44) on October 23, 2018 and defendant filed a Reply (Doc. #47). For the reasons set forth below, the Motion is granted.

**I.**

Plaintiff Anne Mangano and her husband Joseph Mangano have filed a two-count Complaint (Doc. #2) against defendant Garden Fresh Restaurant Corp. alleging that Anne Mangano sustained injuries due to a slip-and-fall that took place at a Sweet Tomatoes restaurant owned and operated by defendant in Naples, Florida.[1] According to defendants, Garden Fresh is liable for her injuries

---

[1] This case was stayed for a time because of defendant's bankruptcy filing. (Docs. ##31, 37.)

because the slip-and-fall was caused by Garden Fresh's negligence. Joseph Mangano also brings a claim for loss of consortium. In moving for summary judgment, defendant submitted plaintiffs' depositions. (Docs. ##42-1-42-9.) No other evidence has been submitted. The relevant undisputed facts are as follows:

On October 16, 2012, the Manganos visited the Sweet Tomatoes restaurant for lunch. The weather was clear and dry that day and before Anne's fall, the couple had frequented the buffet-type restaurant at that location many times. (Doc. #42-3, p. 29-30.) After the couple had sat down, Anne decided to get a drink and took her glass, walked down a ramp, and headed towards the drink station. (Id., pp. 31-32.) In doing so, Anne noticed a rag mop and a yellow plastic sign in an aisle like the ones put up when the floor is mopped; therefore, she decided to walk down a different aisle. (Doc. #42-5, pp. 61-62.) The mop and the sign were leaning up against the wall and the sign was not stood up in the middle of the aisle and Anne testified that there was nothing suggesting that there was any spill or water. (Id., p. 64.) The aisle where Anne saw the mop and sign was not the aisle she fell in. She fell in the next aisle over. (Id., pp. 62, 64.)

While in the soup aisle, Anne's right foot slipped out from under her "like [she] was on a piece of ice" and she fell backwards. (Doc. #42-3, p. 32.) Before and after she fell, Anne did not observe anything on the floor that may have caused her to slip,

nor did she observe anything on the floor at any time. (Id., pp. 33-34.) Joseph had stayed at the table while his wife went to get a drink, but he came to her side after the fall. He also did not observe anything on the floor before or after the fall. However, Joseph did observe a dark stain on his wife's pants at the hospital that was not there when they left the house that day, but he did not know where the stain had come from. (Doc. #42-8, pp. 24-25.) A Sweet Tomatoes employee responded to Anne after her fall. (Doc. #42-3, p. 36.) There is no deposition testimony presented to the Court from defendant or its employees.[2]

The one count of negligence against Garden Fresh alleges that defendant breached its duty to use reasonable care in the maintenance of its premises, we well as a duty to warn the plaintiff of any unsafe conditions on its premises which it knew or should have known existed. (Doc. #1, ¶ 8.) Garden Fresh now moves for summary judgment, arguing that the undisputed facts set forth above are insufficient to establish any breach of a duty owed to Mangano.

---

[2] Plaintiffs state in their Opposition brief filed on October 23, 2018 that they had not yet had the opportunity to discover the name of the employee who left the mop in the vicinity of the fall, as well as "several other important issues." (Doc. #44, ¶ 6.) Even so, plaintiffs did not supplement their Opposition, nor did they move to extend discovery, which closed on October 31, 2018. (Doc. #39.)

**II.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of

material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**III.**

A cause of action based on negligence comprises four elements: (1) a duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) a causal connection between defendant's breach and plaintiff's injury; and (4) actual loss or damage. Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003). Only the second element is at issue here. The negligence claim is premised on Garden Fresh's duties to keep its premises free of dangerous conditions and to warn patrons of any dangerous conditions that do exist. Thus, the existence of a dangerous condition is a prerequisite to finding that Garden Fresh breached either duty. Garden Fresh argues that the undisputed facts are insufficient to allow a jury to reasonably conclude that a dangerous condition existed at the time Anne fell. The Court agrees.

Florida's premises liability for a transitory foreign substance in a business establishment statute provides:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.
>
> (2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

Fla. Stat. § 768.0755 (2010).

Florida courts have held that under the current version of the statute, proof of actual or constructive knowledge is a necessary element of a slip and fall claim. See Pembroke Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 426 (Fla. 4th DCA 2014). See also Woodman v. Bravo Brio Restaurant Group, Inc., No. 6:14-cv-2025-Orl-40TBS, 2015 WL 1836941, at *2 (M.D. Fla. Apr. 21, 2015) (interpreting § 768.0755 to effectuate the legislature's intent and finding that proof of actual or constructive knowledge is an element of a slip and fall case, replacing proof by negligent mode of operation); Valles v. Target Corp., No. 14-60723-Civ-Scola, 2015 WL 1640326, at *2 (S.D. Fla. Apr. 9, 2015) (Essentially, under Florida law, "a person claiming that a store was negligent by not cleaning up a dangerous condition must present some evidence that the dangerous condition ... existed for such a length of time that, in the exercise of ordinary care, the store would have known of the condition.") (citing Vallot v. Logan's Roadhouse, Inc., 567 F. App'x 723, 726 (11th Cir. 2014) (affirming an order granting

summary judgment where the plaintiff failed to establish that the restaurant had actual or constructive notice of a slippery substance on the floor where he fell)).

"Before there can be recovery for a slip and fall injury, the allegations must show some negligence on the part of the defendant." Gordon v. Target Corp., No. 07-CV-80412, 2008 WL 2557509, at *7 (S.D. Fla. June 23, 2008). When, as here, a defendant seeks summary judgment based on the nonexistence of a dangerous condition, it must be "conclusively proven that there was no substance on the floor that was the proximate cause of [plaintiff's] injuries." Williams v. Sears, Roebuck & Co., 866 So. 2d 122, 123 (Fla. 4th DCA 2004). Once a defendant has provided such evidence, the burden then shifts to the plaintiff, who must "show by reference to the record that there is indeed a genuine issue of fact regarding [the defendant's] alleged negligence. Gordon, 2008 WL 2557509, at *7. "Importantly, negligence may not be inferred from the mere happening of an accident alone." Oken v. CBOCS, Inc., No. 12-CV-782, 2013 WL 2154848, at *6 (M.D. Fla. May 17, 2013) (quotation omitted). Therefore, a plaintiff cannot avoid summary judgment "merely by asserting that because she slipped, it must be assumed or presumed that there had to be something of a foreign nature on the floor that precipitated her fall." Williams, 866 So. 2d at 123-24; see also Gordon, 2008 WL 2557509, at *5 (granting summary judgment in favor of defendant

where "the Plaintiff has no idea what caused her to fall," "there is no record evidence of any other person, employee, or customer who made such an observation," and subsequent inspections for foreign substances or debris "were negative").

As in Williams and Gordon, plaintiffs have provided no competent evidence supporting the existence of a dangerous condition. Plaintiffs have also offered no evidence that defendant had actual or constructive knowledge of a dangerous condition before Anne's fall. To the contrary, the Manganos testified that they had no idea what, if anything, caused Anne to fall and they did not see anything on the floor either before or after she fell. Although Anne testified that a mop and sign were in the vicinity, it was not in the aisle that Anne fell, and both were leaning up against a wall and there was no indication to Anne that there was any water or spill in the area. (Doc. #42-5, p. 64.) And plaintiffs have offered just an assumption that the stain on Anne's pants might have been caused by the substance she fell on. Simply, plaintiffs' assumptions that there must have been something on the floor simply because her foot slipped is insufficient to create a genuine issue of fact regarding Garden Fresh's alleged negligence. Gordon, 2008 WL 2557509, at *5; Williams, 866 So. 2d at 123-24. Therefore, plaintiffs cannot prevail on the negligence cause of action and Garden Fresh is entitled to summary judgment.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion for Summary Judgment (Doc. #42) is **GRANTED.** Judgment is entered in favor of defendant, and plaintiffs shall take nothing. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __11th__ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record